**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

MELISSA M.,[1]                                   :      Case No. 3:20-cv-00191
                                                 :
            Plaintiff,                           :      Magistrate Judge Caroline H. Gentry
                                                 :      (by full consent of the parties)
vs.                                              :
                                                 :
COMMISSIONER OF THE SOCIAL                       :
SECURITY ADMINISTRATION,                         :
                                                 :
            Defendant.                           :

---

## DECISION AND ORDER

---

## I.     INTRODUCTION

Plaintiff filed an application for Supplemental Security Income in November 2016

and an application for Disability Insurance Benefits in November 2017. Plaintiff's claims

were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the

Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits

because she was not under a "disability" as defined in the Social Security Act. The

Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this

action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award

of benefits or, in the alternative, for further proceedings. The Commissioner asks the

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 9), the Commissioner's Memorandum in Opposition (Doc. 11), and the administrative record (Doc. 7). Plaintiff did not file a Reply.

## II.    BACKGROUND

Plaintiff asserts that she has been under a disability since October 30, 2015. At that time, she was thirty-eight years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[2] Plaintiff has a limited education. *See* 20 C.F.R. § 404.1564(b)(3).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 7-2, PageID 43-59), Plaintiff's Statement of Errors (Doc. 9), and the Commissioner's Memorandum in Opposition (Doc. 11). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III.    STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

---

[2] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV.    THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

Step 1:    Plaintiff has not engaged in substantial gainful activity since October 30, 2015, the alleged onset date.

Step 2:    She has the severe impairments of autoimmune hepatitis, depression, anxiety, bipolar disorder, and posttraumatic stress disorder (PTSD).

Step 3:    She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work as defined in 20 C.F.R. § 404.1567(a), subject to the following limitations: "The claimant is able to lift or carry ten pounds occasionally and five pounds frequently. The claimant is able to stand or walk for two of eight hours during the workday, sit for six of eight hours during the workday, and walk for two blocks at most at a time. The claimant is limited to work with simple, routine tasks (unskilled), can never climb ladders, and can only occasionally climb stairs, stoop, balance, kneel, crouch, crawl, adapt to routine changes in

4

work setting, and interact with the public, coworkers, and supervisors.

She is unable to perform any of her past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

(Doc. 7-2, PageID 46-59.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 59.)

## V. ANALYSIS

Plaintiff does not dispute the medical summary set forth in the ALJ's opinion. (Doc. 9, PageID 984.) Instead, she argues that the ALJ "failed to properly evaluate the vocational expert testimony after finding [Plaintiff] to have the [RFC] to perform sedentary work." (*Id.* at PageID 988.) Plaintiff contends that she is incapable of performing sedentary work because "she will partake in off-task behavior and require additional absenteeism." (*Id.*) Plaintiff also contends that she "uses a cane on a daily basis for ambulation and that is not acceptable at any level of exertion." (*Id.* at PageID 991.) These arguments are not persuasive. For the reasons discussed below, the ALJ's conclusions are supported by substantial evidence.

### A. The ALJ's RFC

A claimant's residual functional capacity (RFC) is "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). The Social Security regulations, rulings, and Sixth Circuit precedent charge the ALJ with the final responsibility for determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final

5

responsibility for deciding the RFC "is reserved to the Commissioner"); 20 C.F.R. §

404.1546(c) ("the administrative law judge . . . is responsible for assessing your [RFC]");

*Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("the ALJ is charged

with the responsibility of evaluating the medical evidence and the claimant's testimony to

form an 'assessment of [her] [RFC]'").

The Commissioner determines the claimant's RFC based on relevant evidence in

the record, including objective medical evidence, medical opinions, other medical

evidence, evidence from non-medical sources, and prior administrative medical findings.

*See* 20 C.F.R. § 404.1545(a)(1)-(5). Consistent with applicable regulations, an ALJ may

also rely on the testimony of a vocational expert. 20 C.F.R. § 404.1560(b)(2),

404.1566(e). "Substantial evidence may be produced through reliance on the testimony of

a VE in response to a 'hypothetical' question, but only 'if the question accurately

portrays [plaintiff's] individual physical and mental impairments.'" *Varley v. Sec'y of

Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff contends that, due to her physical and mental impairments, she would

likely "partake in off-task behavior and require more than one absence per month if she is

employed at any level of exertion." (Doc. 9, PageID 991.) She also alleges the use of a

cane on a daily basis. (*Id.*) Therefore, she argues she cannot perform sedentary work.

Plaintiff's contentions are not well-taken. Her argument is based on speculation,

not any objective medical evidence. The record contains no medical opinion that Plaintiff

would consistently be off-task, miss work, or need to use a cane. Additionally, the ALJ

provided a detailed summary of Plaintiff's medical records and treatment history, which

6

Plaintiff does not dispute. (Doc. 7-2, PageID 46-57; Doc. 9, PageID 984.) Plaintiff instead identifies several diagnoses, test results, examination findings, and medical opinions, and she challenges "the ALJ's interpretation" of the medical evidence. (Doc. 9, PageID 984, 988-92.) Yet as indicated above, the substantial evidence standard precludes this Court from weighing the evidence and deciding whether the preponderance of the evidence supports a different conclusion. *Biestek*, 139 S. Ct. at 1154 (2019). This Court is limited to determining whether the ALJ's findings are supported by substantial evidence.

The ALJ's findings are, in fact, supported by substantial evidence. The ALJ acknowledged many of Plaintiff's subjective complaints, which included allegations of back and hip pain, difficulty with exertional activities such as lifting and walking, and difficulty with daily activities. (Doc. 7-2, PageID 48, 51.) The ALJ then summarized the medical records that documented Plaintiff's treatment for her physical conditions. (*Id.* at PageID 48, 52-56.) The ALJ cited to hip and spine imaging which showed overall mild degenerative changes. (*Id.* at PageID 48.) She also specifically addressed Plaintiff's use of a cane. (*Id.* at PageID 55-56.) She acknowledged many of the abnormal objective examination findings which included limited range of motion, positive straight leg raising, and an antalgic or abnormal gait on some occasions. (*Id.*) The ALJ compared these findings to other examinations which showed no swelling or deformity, minimal tenderness to palpation of the lower lumbar spine, full strength, full range of motion, and a normal gait. (*Id.*)

The ALJ concluded that the balance of the objective evidence did not support Plaintiff's allegations of symptom severity or the prescription for a cane. (Doc. 7-2,

PageID 52.) The ALJ accounted for this evidence by limiting Plaintiff to the reduced range of sedentary work in the RFC. (*Id.* at PageID 50.) These conclusions are supported by substantial evidence.

Similarly, the ALJ's conclusions about Plaintiff's mental impairments are supported by substantial evidence. The ALJ acknowledged many of Plaintiff's subjective mental health complaints, including Plaintiff's complaints about difficulty with daily activities and her testimony that she had not "been out of bed in four days" due to depression. (Doc. 7-2, PageID 49-51.) The ALJ also acknowledged Plaintiff's complaints about anxiety and depression in the disability reports and to medical providers (*Id.*) She compared these complaints to Plaintiff's statements about her capabilities. (*Id.* at PageID 49-50.) The ALJ subsequently summarized the mental health treatment and evaluation records. (*Id.* at PageID 49-50, 52-55.) The ALJ discussed Plaintiff's November 2016 hospitalization for depression, but she explained that Plaintiff had not been taking psychotropic medication prior to that time and that her condition improved during the hospitalization with medication and therapy. (*Id.* at PageID 52-53.) The ALJ also cited several mental status examinations which showed abnormalities such as anxious and depressed moods, tearfulness, fidgety behavior, difficulty with Serial 7 calculations. (*Id.* at PageID 49-50, 52-55.) The ALJ compared these findings to records that documented improvement when Plaintiff participated in treatment and took her medications. (*Id.*) Additionally, she cited to several normal mental status findings throughout the treatment notes, which included an appropriate affect, cooperative and calm behavior, no apparent

distress, normal grooming and hygiene, appropriate and relevant speech, logical thought processes, and intact memory and concentration. (*Id.*)

The ALJ concluded that the balance of the objective evidence related to Plaintiff's mental condition did not support Plaintiff's allegations of symptom severity. (Doc. 7-2, PageID 52-54.) The ALJ accounted for this evidence by limiting Plaintiff to the range of simple, routine tasks with occasional social interaction, as identified in the RFC. (*Id.* at PageID 50.) These conclusions are supported by substantial evidence.

Accordingly, substantial evidence supports the ALJ's RFC, and the ALJ did not err by failing to include additional limitations for off-task behavior, absenteeism, or the use of a cane.

### B. VE Testimony

The vocational expert (VE) initially testified that a hypothetical individual of Plaintiff's age, education, and work experience—and with the ALJ's RFC for a reduced range of sedentary work—would be unable to perform Plaintiff's past relevant work but could perform other jobs in the national economy. (Doc. 7-2, PageID 221-22.). In response to additional hypothetical questions, the VE testified that an individual could be off task "up to and including ten percent of the workday" and that employers would tolerate no more than one unscheduled absence per month. (*Id.* at PageID 222.) The VE further testified that the use of a cane for ambulation would not affect sedentary work. (*Id.*) Yet when asked about an individual who needed to use a cane to stand and walk, the VE testified that "it would be difficult to do so." (*Id.*)

Plaintiff argues that the ALJ erred by finding that Plaintiff does not require any of the work-preclusive limitations that the ALJ included in the additional VE hypotheticals. (Doc. 7, PageID 731.) Plaintiff contends that the ALJ "failed to fully consider essential vocational expert testimony that accurately portrays [Plaintiff's] physical and mental impairments." (Doc. 9, PageID 988.) Plaintiff's assertion is not well-taken.

Plaintiff correctly summarized the VE's testimony that the limitations for off-task behavior, absenteeism, and leaving early would be work-preclusive. However, the fact that the ALJ asked the VE about a hypothetical person with particular limitations does not mean the VE's answer is binding on the ALJ. Simply posing a hypothetical question to the VE does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations. *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019)). Additionally, "[a]n administrative law judge is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff's argument, then, presumes that the additional hypotheticals posed to the VE accurately represent Plaintiff's RFC. Yet as discussed above, no medical source opined that Plaintiff would be off task for more than ten percent of the workday, require more than one absence per month, or need to use a cane for standing and walking. And the ALJ's RFC—which did not include any such restrictions—was supported by

substantial evidence. Accordingly, this portion of the VE's testimony was not relevant to the ALJ's decision.

A disability claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512. The burden is on a claimant to furnish medical and other evidence about her impairments and the effects of her impairments on the ability to work. *Id.* Here, Plaintiff has not shown that the ALJ erred by failing to include additional restrictions in the RFC for being off task, being absent from work, or using a cane. As discussed above, the ALJ thoroughly evaluated the medical evidence related to Plaintiff's impairments and explained her reasons for including the related functional restrictions in the RFC. (Doc. 7-2, PageID 47-57). Plaintiff has not shown that the evidence before the ALJ required the inclusion of greater limitations than those found by the ALJ. Nor has Plaintiff shown that the ALJ erred when she failed to rely on VE testimony that did not accurately reflect Plaintiff's functional limitations. Plaintiff has not met her burden of proving that the ALJ's decision is unsupported by substantial evidence.

## VI. CONCLUSION

In sum, substantial evidence supports the ALJ's RFC and her decision to exclude limitations for off-task behavior in excess of ten percent, absences occurring more than once per month, and the use of a cane for standing and walking. The ALJ, therefore, did not err when she relied on the VE's testimony in response to the hypothetical question that corresponded with the RFC. Plaintiff's assertions to the contrary are without merit and should be overruled.

**IT IS THEREFORE ORDERED THAT**:

1.    Plaintiff's Statement of Errors (Doc. 9) is OVERRULED;

2.    The Court AFFIRMS the Commissioner's non-disability determination; and

3.    This case is terminated on the Court's docket.


                                         */s/ Caroline H. Gentry*
                                         Caroline H. Gentry
                                         United States Magistrate Judge